Christopher T. Holland (SB #164053)
Anne E. Kearns (SB #183336)
Kathy M. Sarria (SB #181322)
KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP
114 Sansome Street, Suite 400
San Francisco, California 94104
Telephone: (415) 249-8330
Facsimile: (415) 249-4333

Douglas E. Mirell (SB #094169)
Karen R. Thorland (SB #172092)
LOEB & LOEB LLP
10100 Santa Monica Boulevard, Suite 2200
Los Angeles, California 90067
Telephone: (310) 282-2000
Facsimile: (310) 282-2200

Attorneys for Plaintiffs
TWENTIETH CENTURY FOX; COLUMBIA PICTURES; PARAMOUNT PICTURES; WARNER BROS.; COLUMBIA TRISTAR HOME ENTERTAINMENT; and NEW LINE PRODUCTIONS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TWENTIETH CENTURY FOX FILM CORPORATION, a Delaware corporation; COLUMBIA PICTURES INDUSTRIES, INC., a Delaware corporation; PARAMOUNT PICTURES CORPORATION, a Delaware corporation; WARNER BROS. ENTERTAINMENT INC., a Delaware corporation; COLUMBIA TRISTAR HOME ENTERTAINMENT, INC., a Delaware corporation; and NEW LINE PRODUCTIONS, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>DOES 1 - 12,<br><br>Defendants. | CASE NO. C 04-04862 WHA<br><br>**RENEWED MISCELLANEOUS ADMINISTRATIVE REQUEST PURSUANT TO LOCAL RULE 7-10(b) FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26 CONFERENCE** |

## I. INTRODUCTION

On November 16, 2004, Plaintiffs filed their Complaint for Copyright Infringement ("Complaint") against Does 1 through 12 (collectively, "Defendants"), alleging that each defendant, known only by a temporally unique Internet Protocol ("IP") address, gained access to the Internet through his or her Internet Service Provider ("ISP") and, using such access, made Plaintiffs' copyrighted works available for distribution to the public without authorization via a peer-to-peer ("P2P") file swapping network. All Doe Defendants in this case used Pacific Bell Internet Services ("Pacific Bell") as their ISP, and were joined in this case because their acts of infringement occurred through the same ISP. Because Defendants' true identities are unknown to Plaintiffs, but known to Pacific Bell, Plaintiffs also filed, concurrently therewith, a Miscellaneous Administrative Request ("Request") seeking leave to serve a Rule 45 subpoena on Pacific Bell, for the limited purpose of ascertaining Defendants' true identities.

On November 17, 2004, this Court issued an order granting Plaintiffs' Request in part, and denying it in part ("Order"). Based on Judge Ware's decision in the DirecTV cases, the Court determined that the Doe Defendants were improperly joined, but invited Plaintiffs to demonstrate why this case should be treated differently. At the Court's invitation, Plaintiffs respectfully renew their request for expedited discovery as to all defendants. Since each defendant obtained access to the Internet through Pacific Bell, under the DirecTV cases, Defendants are properly joined on that basis.

## II. ARGUMENT

### A. Defendants Are Properly Joined On The Basis Of A Common Internet Service Provider ("ISP").

In the DirecTV cases, DirecTV sought to arbitrarily join hundreds of unrelated named (rather than Doe) defendants in a single action. Judge Ware held that joinder of these defendants in this manner was improper. But before he did, he made an observation directly applicable to this case: Had DirecTV joined defendants on the basis of a common vendor, such joinder might have been proper. Order, In the Matter of DirecTV, Inc., No C-02-5912-JW, at 7-8 (N.D. Cal 2004) (Ware, J.). This observation clearly distinguishes the DirecTV cases from this one and supports joinder here.

Plaintiffs joined the twelve Defendants in this action because each defendant gained access to the Internet through a common vendor -- Pacific Bell. See Declaration of Karen R. Thorland filed concurrently herewith ("Thorland Decl."), ¶ 2. This declaration satisfies the "requisite showing" required by Judge Ware that the defendants were joined on the basis of a common vendor. Plaintiffs also joined Defendants because only the single ISP through which they all acted, *Pacific Bell*, can conclusively identify them. Id., ¶ 3.

Unlike the DirecTV cases, Defendants' identities are presently unknown to Plaintiffs. Id. Although Plaintiffs have identified each defendant by the unique IP address assigned to him or her by Pacific Bell on the date and at the time of infringement, absent leave to serve the requested discovery, Plaintiffs are unable to ascertain the Defendants' true

identities. Id. Without this information, Plaintiffs cannot effectively prosecute this action.

**B. Joinder Will Promote Efficiency And Will Not Prejudice Defendants.**

The rules governing permissive joinder should be construed liberally. League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914, 917 (9th Cir., 1977). Indeed, according to the United States Supreme Court, "joinder of claims, parties and remedies is strongly encouraged." United Mine Workers v. Gibbs, 383 U.S. 715, 724 (1966). This pragmatic construction promotes economy and efficiency by preventing overlapping litigation and permitting comprehensive, consistent resolution of legal disputes. It also supports joinder here. The fact that all defendants acted through a common ISP satisfies the first prong of Fed. R. Civ. P. Rule 20 in that a right to relief is asserted against them arising out of a "series of occurrences or transactions." The second prong of the Rule is also satisfied because defendants all distributed Plaintiffs' copyrighted works over the Internet so there are questions of copyright law common to all defendants.

Plaintiffs joined the twelve Defendants in one suit, pending identification of their true names, because only Pacific Bell can conclusively identify them. Thorland Decl., ¶ 3. By joining Defendants in this manner, Plaintiffs seek expeditious discovery of Defendants' identities from Pacific Bell.[1] ISPs, including

[1] Plaintiffs do not, as the Court suggests, seek "to circumvent filing fees by grouping defendants into arbitrarily-

*(continue…)*

Pacific Bell, typically retain evidence logs for only limited periods of time. Thorland Decl., ¶ 4. Accordingly, numerous courts, including this one, have concluded that joinder should be permitted in this manner, and for this purpose. See, e.g., Maverick Recording Co. et al. v. Does 1-4, Case No. C-04-1135 MMC (N.D. Cal. Apr. 28, 2004) (Larson, M.J.) (attached as Exhibit "A"); Motown Record Co., L.P. v. Does 1-252, No. 1:04-CV-439-WBH, at 3 (N.D. Ga. Mar. 1, 2004) (Hunt, J.) (holding that "procedural issues identified by *amici* [including joinder] can be resolved in the ordinary course of this litigation at the appropriate time") (attached as Exhibit "B"); Virgin Records Am., Inc. v. Does 1-44, Case No. 1:04-CV-0438-CC, at 2-3 (N.D. Ga Mar. 3, 2004) (Cooper, C.) (holding that "the issues raised by *amici* [including joinder] are premature," and "may be resolved in the ordinary course of

---

*(continued from previous page)*

joined actions. . . ." Order p. 2, ¶ 1. Rather, these defendants were joined because of the commonality of ISP and to prevent a burden on the parties and the Court of duplicative work. Further, the expense of additional filing fees (and additional legal fees) would, in all probability fall on the individual defendants, not the plaintiffs. Pursuant to the Copyright Act (17 U.S.C. § 505), full costs and attorneys' fees may be awarded to the prevailing party, and courts have usually awarded such costs and fees to prevailing plaintiffs in cases in which (as we believe will be the case with all or most of the Doe Defendants in the instant case) there is no good faith defense to the action. See, e.g., Warner Bros. Entm't Inc. v. Caridi, 2004 U.S. Dist. LEXIS 23740 *15-16 (C.D. Cal. Nov. 18, 2004) (noting that "Warner Bros. was successful on the merits, its claim was hardly frivolous, Caridi's conduct was patently unreasonable, and an award of attorneys' fees would further the goal of deterrence."). Increasing costs and/or fees would ultimately just increase the cost of settlement or judgment for these individual defendants.

this litigation if and when such issues are raised by any Defendant") (attached as Exhibit "C").

Absent leave to take the requested discovery, Plaintiffs must file twelve virtually identical separate actions, which could be assigned to twelve different Judges. Plaintiffs must then file twelve identical separate motions for expedited discovery, and -- provided each motion is granted - serve twelve identical separate subpoenas against the same ISP. Such duplication of effort will not be attended by any concomitant benefit to any party or the Court.[2]

Moreover, joinder will not prejudice Defendants in any way. Once Plaintiffs have obtained Defendants' true names and contact information, to the extent appropriate, Plaintiffs will, if necessary, sever this action and proceed against each defendant separately. Thorland Decl., ¶ 5.

## III. CONCLUSION

Based on the foregoing, Plaintiffs respectfully renew their request that this Court grant Plaintiffs leave to take immediate discovery to identify all Doe defendants associated with the common ISP, and ask this Court to lift its stay as to Does two through twelve.

---

[2] Because ISPs only retain the information Plaintiffs need to prosecute this action for a limited period of time, any delay associated with the multiple actions or with any one of the actions or the subpoenas could result in permanent loss of that information and an inability for Plaintiffs to move forward with the action. Directing a single subpoena to a single vendor in a single action serves the interest of justice.

DATED: November 30, 2004

Respectfully submitted,

CHRISTOPHER T. HOLLAND
ANNE E. KEARNS
KATHY M. SARRIA
KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP

DOUGLAS E. MIRELL
KAREN R. THORLAND
LOEB & LOEB LLP

By: /S/
Christopher T. Holland
Attorneys for Plaintiffs
TWENTIETH CENTURY FOX; COLUMBIA PICTURES; PARAMOUNT PICTURES; WARNER BROS.; COLUMBIA TRISTAR HOME ENTERTAINMENT; and NEW LINE PRODUCTIONS

Exhibit A

JEFFREY G. KNOWLES (State Bar # 129754)
JULIA D. GREER (State Bar # 200479)
ZUZANA J. SVIHRA (State Bar # 208671)
COBLENTZ, PATCH, DUFFY & BASS, LLP
One Ferry Building, Suite 200
San Francisco, California 94111
Telephone: (415) 391-4800
Facsimile: (415) 989-1663

Attorneys for Plaintiffs
MAVERICK RECORDING CO.; WARNER BROS. RECORDS INC.; ARISTA RECORDS, INC.; VIRGIN RECORDS AMERICA, INC.; UMG RECORDINGS, INC.; INTERSCOPE RECORDS; BMG MUSIC; SONY MUSIC ENTERTAINMENT INC.; ATLANTIC RECORDING CORP.; MOTOWN RECORD COMPANY, L.P.; and CAPITOL RECORDS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

MAVERICK RECORDING COMPANY, a California joint venture; WARNER BROS. RECORDS INC., a Delaware corporation; ARISTA RECORDS, INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; UMG RECORDINGS, INC., a Delaware corporation; INTERSCOPE RECORDS, a California general partnership; BMG MUSIC, a New York general partnership; SONY MUSIC ENTERTAINMENT INC., a Delaware corporation; ATLANTIC RECORDING CORPORATION, a Delaware corporation; MOTOWN RECORD COMPANY, L.P., a California limited partnership; and CAPITOL RECORDS, INC., a Delaware corporation,

Plaintiffs,

vs.

DOES 1 - 4,

Defendants.

CASE NO. C-04-1135 MMC

**~~[PROPOSED]~~ ORDER GRANTING PLAINTIFFS' MISCELLANEOUS ADMINISTRATIVE REQUEST FOR LEAVE TO TAKE IMMEDIATE DISCOVERY**

COBLENTZ, PATCH, DUFFY & BASS, LLP
One Ferry Building, Suite 200, san francisco, ca 94111-4213
(415) 391-4800 • (415) 989-1663

Upon the Miscellaneous Administrative Request of Plaintiffs For Leave To Take Immediate Discovery, the Declaration of Jonathan Whitehead and the exhibit thereto, Plaintiffs' Request for Judicial Notice, and the Declaration of Zuzana J. Svihra, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on the University of California, Berkeley to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Without such discovery, Plaintiffs cannot identify the Doe Defendants, and thus cannot pursue their lawsuit to protect their copyrighted works from infringement.

Dated: April 28, 2004

James Larson U.S. Magistrate Judge

~~United States District Judge~~

COBLENTZ, PATCH, DUFFY & BASS, LLP
One Ferry Building, Suite 200, san francisco, ca 94111-4213
(415) 391-4800 • (415) 989-1663

**Exhibit B**

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 01 2004

LUTHER D. THOMAS, Clerk
By: Sue Coalson
Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MOTOWN RECORD COMPANY, L.P., a California limited partnership, et al.,

Plaintiffs,

v.

DOES 1-252,

Defendants.

CIVIL ACTION FILE

NO. 1:04-CV-439-WBH

**ORDER**

Before the Court is Plaintiffs' motion for leave to take expedited discovery [3] in which Plaintiffs request Court permission to serve limited, immediate discovery on third party Internet Service Provider ("ISP") Cox Communications ("Cox") to determine the true identities of the Defendants. According to the Complaint, each Defendant used an online media distribution system to download Plaintiffs' copyrighted works, distribute copyrighted works to the public, and/or make copyrighted works available for distribution to others. Although Plaintiffs do not know the true names of the Defendants, Plaintiffs have identified each Defendant by a unique Internet Protocol ("IP") address assigned to that Defendant on the date and at the time of the allegedly infringing activity. Through the use of a publicly available database, Plaintiffs have traced the IP address for each Defendant and determined that it is Cox.[1]

[1] On the same day that they filed this action, Plaintiffs filed a nearly identical complaint in this district against unidentified defendants who allegedly used Earthlink as their ISP. See Virgin Records America, Inc., et al. v. Does 1-44, 1:04-CV-0438-CC (N.D. Ga.). Plaintiffs have recently filed similar cases in other parts of the country as well.

In their motion, Plaintiffs ask the Court for permission to serve a Rule 45 subpoena on Cox seeking each Defendant's true name, address, telephone number, e-mail address, and Media Access Control address. Plaintiffs state that if the Court grants their motion, they will serve a subpoena on Cox and give Cox 15 business days to either comply with it or file a motion to quash. Plaintiffs believe that upon receiving the subpoena, Cox will notify its subscribers that this information is being sought, thus providing the individual Defendants with a narrow window of time during which they may move to quash the subpoena.

Public Citizen, the ACLU, and the Electronic Frontier Foundation (collectively "amici") have filed a memorandum as amici curiae addressing this motion.[2] In their memorandum, amici claim that Plaintiffs have failed to make a showing sufficient to warrant discovery into the identities of persons who have communicated anonymously over the Internet, arguing that the First Amendment right to anonymous speech must be protected. Amici also argue that this case presents significant issues related to personal jurisdiction and joinder. Finally, amici argue that if the Court allows the discovery, the Court should enlarge the period of time during which Cox must respond to the subpoena so that the individual defendants will have a meaningful opportunity to voice their objections, if any, to the subpoena.

---

[2] Plaintiffs take the position that the Court should deny amici's motion to file their memorandum. While the Court is not inclined to follow all the recommendations raised by amici – at least at this point – the Court nevertheless found amici's memorandum helpful and insightful. For that reason, amici's motion for leave to file their memorandum is granted. See DeJulio v. Georgia, 127 F. Supp. 2d 1274, 1284 (N.D. Ga. 2001) (noting that there is no rule governing the filing of an amicus brief in district court and stating that the decision whether to allow a non-party to participate as an amicus curiae is solely within the broad discretion of the Court).

O 72A

Plaintiffs respond, and the Court agrees, that the issues raised by amici are premature. As Plaintiffs point out, no party to this action has raised any of the issues addressed in amici's memorandum, and it is well established that amici cannot inject issues into a case which have not been raised by a party. See McCleskey v. Zant, 499 U.S. 467, 523 n.10 (1991). The constitutional as well as the procedural issues identified by amici can be resolved in the ordinary course of this litigation at the appropriate time.

In order to get this case moving, Defendants must be identified, and Plaintiffs' request for expedited discovery is reasonably tailored to achieve this goal. The Court agrees with amici, however, that Cox should be given a slightly longer period during which it may respond to the subpoenas.

Accordingly, IT IS HEREBY ORDERED THAT:

> Plaintiffs may serve immediate discovery on Cox to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control address for each Defendant.
>
> The disclosure of this information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B), which authorizes cable operators to disclose personally identifiable information when the cable operators are ordered to do so by a court;
>
> Any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights as set forth in the Complaint;
>
> If and when Cox is served with a subpoena, within five business days thereof, it shall give notice to the subscribers in question of the subpoena. If Cox and/or any Defendant wishes to move to quash the subpoena, the party must do so before the return date of the subpoena, which will be 25 business days from the date of service;

If and when Cox is served with a subpoena, Cox shall preserve the subpoenaed information in question pending resolution of any timely filed motion to quash; and

Counsel for Plaintiffs shall provide a copy of this Order to Cox along with the subpoena.

## CONCLUSION

For the reasons set forth above, Plaintiffs' motion for leave to take expedited discovery [3] is GRANTED. Amici's motion for leave to file memorandum [5] is GRANTED.

It is so ORDERED this 1 day of March, 2004.

Willis B. Hunt, Jr.
Judge, United States District Court

AO 72A

**Exhibit C**

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 3 2004

LUTHER D. THOMAS, Clerk
By: [signature]
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

VIRGIN RECORDS AMERICA, INC., et al.,

Plaintiffs,

v.

DOES 1 - 44,

Defendants.

CIVIL ACTION NO.

1:04-CV-0438-CC

**ORDER**

Currently pending before the Court is Plaintiffs' Motion for Leave to Take Expedited Discovery. Plaintiffs, record companies who own copyrights in various sound recordings, seek leave of Court to serve limited, immediate discovery on Earthlink, Inc. ("Earthlink"), a third party Internet Service Provider ("ISP"), in order to determine the true identities of the Doe Defendants.

According to Plaintiffs' Complaint, the Doe Defendants used an online media distribution system to download Plaintiffs' copyrighted works to the public, and/or make copyrighted works available for distribution to others. Although Plaintiffs do not know the true names of the Defendants, Plaintiffs have identified each Defendant by a unique Internet Protocol ("IP") address assigned to that Defendant on the date and at the time of the Defendants' allegedly infringing activity. Through the use of a publicly available database, Plaintiffs have traced the IP address for each Defendant, and have determined that the ISP is Earthlink.[1] In their motion for expedited discovery, Plaintiffs ask the Court for permission to serve a Rule 45

[1] Plaintiffs have submitted the declaration of Jonathan Whitehead, Vice President and Counsel for Online Copyright Protection for the Recording Industry Association of America, Inc., in support of their motion for expedited discovery.

9

subpoena on Earthlink that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant.

Public Citizen, the American Civil Liberties Union, The Electronic Frontier Foundation, and the ACLU of Georgia (collectively referred to as "*amici*") have moved the Court for leave to file a memorandum as *amici curiae* addressing Plaintiffs' motion for expedited discovery. In their memorandum, *amici* argue that Plaintiffs have not made a sufficient factual showing to warrant discovery into the identities of persons who have communicated anonymously over the Internet, or made a sufficient showing that this Court has personal jurisdiction over each Defendant. In addition, *amici* argue that there are also serious concerns whether all 44 Doe Defendants are properly joined in one action. Lastly, *amici* argue that if the Court does allow some discovery, the Court should enlarge the period of time which Earthlink has to respond so that the individual defendants will have a meaningful opportunity to object to the subpoena if they so choose. Plaintiffs' oppose *amici's* motion, arguing that *amici's* effort to inject themselves into this case is premature.

As an initial matter, *amici's* motion for leave to file their memorandum is GRANTED.[2] However, after consideration of *amici's* brief, the Court agrees with Plaintiffs that the issues raised by *amici* are premature. In this regard, no party to this action has raised any of the issues addressed in *amici's* memorandum, and *amici* may not inject issues into the case which have not been raised by a party. *See* McCleskey v. Zant, 499 U.S. 467, 523 n.10, 111 S.Ct. 1454, 1485 n.10, 113 L.Ed.2d 517 (1991) ("It is well established . . . that this Court will not consider an argument

---

[2] *See* DeJulio v. Georgia, 127 F.Supp.2d 1274, 1284 (N.D. Ga. 2001) (decision to allow a non-party to participate as amicus curiae is solely within the broad discretion of the Court).

advanced by *amicus* when that argument was not raised or passed on below and was not advanced in this Court by the party on whose behalf the argument is being raised."). The issues addressed by *amici* may be resolved in the ordinary course of this litigation if and when such issues are raised by any Defendant.

Turning to Plaintiffs' request for expedited discovery, upon consideration of Plaintiffs' motion and supporting brief, as well as the declaration of Mr. Whitehead, the Court finds that Plaintiffs have established good cause for the expedited discovery they request. Where the Complaint alleges a prima facie case of copyright infringement, and where the lawsuit cannot proceed until Defendants are properly identified, Plaintiffs' motion for limited, immediate discovery in order to identify the Doe Defendants is due to be GRANTED.

ACCORDINGLY, IT IS HEREBY ORDERED:

Plaintiffs may serve immediate discovery upon Earthlink to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control address for each Defendant.

Any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act as set forth in the Complaint.

If and when Earthlink is served with a subpoena, within five (5) business days thereof it shall give notice to the subscribers in question of the subpoena. If Earthlink and/or any Defendant wishes to move to quash the subpoena, they shall do so before the return date of the subpoena, which shall be twenty-five (25) days from the date of service.

If and when Earthlink is served with a subpoena, Earthlink shall preserve the

subpoenaed information in question pending resolution of any timely filed motion to quash.

Counsel for Plaintiffs shall provide a copy of this Order to Earthlink when the subpoena is served.

CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Leave to Take Expedited Discovery [2-1] is GRANTED. *Amici's* Motion for Leave to File Memorandum as Amici Curiae [5-1] is also GRANTED.

SO ORDERED this 3rd day of March, 2004.

CLARENCE COOPER
UNITED STATES DISTRICT JUDGE