IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWENTIETH CENTURY FOX FILM CORPORATION, a Delaware corporation; COLUMBIA PICTURES INDUSTRIES, INC., a Delaware corporation; PARAMOUNT PICTURES, CORPORATION, a Delaware corporation; WARNER BROS. ENTERTAINMENT, INC., a Delaware corporation; COLUMBIA TRISTAR HOME ENTERTAINMENT, INC., a Delaware corporation; and NEW LINE PRODUCTIONS, INC., a Delaware corporation,<br><br>    Plaintiffs,<br><br>  v.<br><br>DOES 1 - 12,<br><br>    Defendants.<br>_____/ | No. C 04-04862 WHA<br><br>**ORDER DENYING PLAINTIFFS' RENEWED MISCELLANEOUS ADMINISTRATIVE REQUEST PURSUANT TO LOCAL RULE 7-10(b) FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26 CONFERENCE** |

On November 16, 2004, the Court granted plaintiffs' miscellaneous administrative request pursuant to local rule 7-10(b) for leave to take discovery from Pacific Bell Internet regarding the identity of Doe 1 prior to the Rule 26 conference, but denied plaintiffs' request with respect to Does 2-12. The Court's order appended a copy of Judge Ware's order holding that joinder of unrelated defendants in the DirecTV cases was improper. Plaintiffs' renewed motion argues that unlike the DirecTV cases, defendants are properly joined in the present action because their acts of infringement occurred through the same Internet Service Provider ("ISP"). The Court is not persuaded.

Plaintiffs point to dicta in Judge Ware's order to suggest that joinder might have been proper had DirecTV joined defendants who had purchased devices from the same vendor. This is inaccurate. Judge Ware merely stated that "even if the Court were to allow DirecTV to join in a single action a reseller and all customers of that reseller, the Court finds that DirecTV has failed to make a requisite showing that it has joined party defendants on that basis." Order, *In the Matter of DirecTV, Inc.*, No C-02-5912-JW and related matters subject to special referral, at 8 (Ware, J.). Judge Ware did not rule on whether it would be proper pursuant to FRCP 20(a) to join defendants in this manner.

For a series of occurrences or transactions to be reasonably related for joinder purposes, "the actions must involve more than just similar goods that are used for a similar purpose." *DirecTV, Inc. v. Boggess*, 300 F. Supp.2d 444, 449 (S.D.W.Va. 2004). Plaintiffs do not allege that defendants acted in concert with each other to distribute plaintiffs' copyrighted works over the internet or had any relationship with each other. The only apparent connection between the defendants is they allegedly all use the same ISP. Without more to connect the defendants to each other, this "amount[s] to no more than a claim that ten unrelated defendants engaged in distinct and unrelated conduct." *Ibid.*

Accordingly, the plaintiffs' miscellaneous administrative request to take early discovery from Pacific Bell Internet regarding Does 2-12 is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 1, 2004

/S/ WILLIAM ALSUP
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2